# EXHIBIT A

*State Court Documents*

ELECTRONICALLY FILED - 2022 Oct 11 11:50 AM - FLORENCE - COMMON PLEAS - CASE#2022CP2102111

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF FLORENCE<br><br>Vandaline L. Hicks,<br><br>                      Plaintiff,<br><br>v.<br><br>McLeod Health,<br><br>                      Defendant. | IN THE COURT OF COMMON PLEAS<br>TWELFTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                              **CROMER BABB PORTER & HICKS, LLC**

                                              BY:   *s/Julius W. Babb, IV*
                                                           Julius W. Babb, IV (#77216)
                                                            1418 Laurel Street, Suite A
                                                            Post Office Box 11675
                                                           Columbia, South Carolina 29211
                                                           Phone  803-799-9530
                                                           Jay@CBPHlaw.com
                                                      ***Attorneys for Plaintiff***

October 11, 2022
Columbia, South Carolina

ELECTRONICALLY FILED - 2022 Oct 11 11:50 AM - FLORENCE - COMMON PLEAS - CASE#2022CP2102111

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF FLORENCE<br><br>Vandaline L. Hicks,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>McLeod Health,<br><br>　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>TWELFTH JUDICIAL CIRCUIT<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

## PARTIES & JURISDICTION

1. Plaintiff, Vandaline Hicks, (hereinafter "Plaintiff") is a Black female and a resident and citizen of Florence County, South Carolina.

2. Defendant, McLeod Health, (hereinafter "Defendant") is a nonprofit corporation operating in part in Florence County, South Carolina where it employed Plaintiff.

3. This action arises under the Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000(e) *et seq*, ("Title VII") and South Carolina statutory and common law.

4. The Parties have sufficient connections to Florence County, South Carolina, the events at issue occurred therein, and venue and jurisdiction are proper.

5. Plaintiff exhausted her administrative remedies by timely filing a Charge of Discrimination and Plaintiff is in receipt of her Notice of Right to Sue and this action is timely.

## FACTUAL ALLEGATIONS

6. Plaintiff was hired by Defendant on or about February 9, 2009, and was most recently serving as an Insurance Authorization Specialist at Defendant's McLeod Regional Medical Center in Florence, South Carolina.

1

ELECTRONICALLY FILED - 2022 Oct 11 11:50 AM - FLORENCE - COMMON PLEAS - CASE#2022CP2102111

7. Plaintiff had been suffering from an autoimmune condition that included loss of vision, and she shared that information with her supervisor, Belinda McGilvray, a corporate UM Director.

8. During the Covid-19 pandemic, a coworker's husband had been allowed to come into the workplace many times over a several month period.

9. Plaintiff was concerned not only for her own safety given her medical condition, but her team's as well, due to the severe threat the Pandemic posed.

10. Plaintiff raised these concerns to her supervisors and was assured that the husband was told not to come back.

11. Evidently, this coworker had a personal friendship with Ms. McGilvray who appeared to be unhappy with Plaintiff for raising the issue.

12. Ms. McGilvray discussed Plaintiff's personal issues and concerns with Plaintiff's peers, thus causing further friction with Plaintiff and her coworkers.

13. Plaintiff voiced concerns over this occurrence to Ms. McGilvray; however, the problems persisted.

14. On or about September 20, 2021, Plaintiff called in sick, one of the few times she ever did, per the standard procedure due to illness with Covid-19 like symptoms.

15. Ms. McGilvray left Plaintiff a voicemail demanding that she come to work despite her symptoms or if she did not, then she must produce a positive Covid-19 test and a doctor's excuse.

16. This requirement was outside the standard procedure and Plaintiff's coworkers were not subjected to such requirement.

ELECTRONICALLY FILED - 2022 Oct 11 11:50 AM - FLORENCE - COMMON PLEAS - CASE#2022CP2102111

17. Throughout Plaintiff's tenure, she complained to her Director on multiple occasions of inequality in the workplace, although her complaints were ignored.

18. On February 22, 2022, Plaintiff informed Ms. McGilvray that she had not been feeling well and needed to go on medical leave.

19. Ms. McGilvray told Plaintiff that she would need to contact Cigna regarding medical leave, however, Plaintiff never had the opportunity to do so.

20. On February 23, 2022, Plaintiff received a performance evaluation and planning form (PEP), placed her on administrative leave, and requested that Plaintiff write a plan of action.

21. Plaintiff expressed concerns about the accusations in the PEP and informed Ms. McGilvray that she would be report those to Human Resources or Compliance.

22. Plaintiff contacted Reggie Thomas in HR on February 25, 2022 to discuss her concerns and provided documentation of the ongoing concerns she had.

23. Plaintiff specifically explained to Thomas that she felt targeted and that there were racial diversity issues.

24. Thomas helped Plaintiff create the plan of action Ms. McGilvray requested and explained to Plaintiff that if anything were to happen, she could either use her accrued 240 hours of Paid Time Off (PTO) or would be paid for it.

25. On February 25, 2022, Plaintiff again met with her Director as well as another of Defendant's directors to turn in her plan of action; however, Plaintiff was terminated that same day.

26. Defendant eventually informed Plaintiff that her termination was due to her alleged behavior and attitude, though Defendant did not pay Plaintiff her accrued PTO.

3

## FOR A FIRST CAUSE OF ACTION
### (Race Discrimination in Violation of Title VII)

27. Plaintiff realleges the foregoing paragraphs where not inconsistent herewith.

28. Plaintiff is an African American female. She was subjected to disparate treatment and treated more harshly than other White and non-African American employees.

29. On or about September 20, 2021, Plaintiff was subjected to disparate treatment by being required to either come into work or produce a doctor's excuse and positive Covid-19 test, whereas her coworkers were not required to.

30. On or about February 23, 2022, Plaintiff was subjected to disparate treatment when she was given a PEP, placed on administrative leave, and asked to complete a plan of action.

31. On or about February 25, 2022, Plaintiff was subjected to disparate treatment when she terminated due to her alleged attitude and behavior.

32. Defendant's alleged reasons for such conduct, including for the termination, are false and pretext for discrimination.

33. The above disparate treatment amounts to unlawful race discrimination prohibited by Title VII of the Civil Rights Act of 1964, The Civil Rights Act of 1991 and amendments thereto and is the proximate cause of the Plaintiff's loss of earnings, loss of prospective earnings and benefits, embarrassment, humiliation and mental anguish, personal injury, and mental suffering for which the Plaintiff is entitled to the awards of actual damages. Plaintiff also seeks an award of punitive damages for Defendant's intentional discriminatory acts to the extent allowed by law, as well as an award for reasonable attorney's fees and costs of this proceeding, for prejudgment interest on all applicable awards, and for any other available legal and equitable remedies.

ELECTRONICALLY FILED - 2022 Oct 11 11:50 AM - FLORENCE - COMMON PLEAS - CASE#2022CP2102111

## FOR A SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

34.     Plaintiff realleges the foregoing paragraphs where not inconsistent herewith.

35.     Plaintiff engaged in a protected activity when she complained to Defendant about inequality in the workplace and unfair treatment based on her race.

36.     Plaintiff was pretextually placed on leave and terminated because she engaged in such protected activity, in violation of Title VII.

37.     Defendant is liable to Plaintiff for its willful and wrongful retaliation against Plaintiff for protected activities she took against unfair, egregious, and perceived race discrimination.

38.     As a direct and proximate result of the race discrimination alleged herein, Plaintiff suffered from a hostile work environment and was terminated from her position. Plaintiff is entitled to all damages caused thereby, including the loss of her employment, back pay, front pay, loss of earning capacity, lost benefits, as well as emotional distress, loss of reputation, humiliation, embarrassment, and mental anguish. Plaintiff also seeks an award of punitive damages for Defendant's intentional discriminatory acts to the extent allowed by law, as well as an award for reasonable attorney's fees and costs of this proceeding, for prejudgment interest on all applicable awards, and for any other available legal and equitable remedies.

## FOR A THIRD CAUSE OF ACTION
### (FMLA Interference and Retaliation)

39.     Plaintiff realleges the foregoing paragraphs where not inconsistent herewith.

40.     Plaintiff had made Defendant, through her supervisor, aware that she had ongoing health issues including autoimmune and vision issues.

ELECTRONICALLY FILED - 2022 Oct 11 11:50 AM - FLORENCE - COMMON PLEAS - CASE#2022CP2102111

5

ELECTRONICALLY FILED - 2022 Oct 11 11:50 AM - FLORENCE - COMMON PLEAS - CASE#2022CP2102111

41.     On or about February 22, 2022, Plaintiff informed Defendant that she was not feeling well and requested to go on medical leave due to her autoimmune and vision issues.

42.     Plaintiff's supervisor told her that she would need to contact Cigna regarding leave.

43.     However, before Plaintiff had a reasonable opportunity to contact Cigna or otherwise process any such paperwork for leave under FMLA, Plaintiff's FMLA leave was interfered with when she was placed on administrative leave on the day after making the request and then terminated from her employment just three days after requesting leave.

44.     Defendant is liable for interference and retaliation in violation of the FMLA.

45.     This violation of the FMLA was willful and intentional.

46.     Plaintiff is entitled to recover legal and equitable relief including reinstatement or front pay, and actual damages to include back pay, back benefits, interest on back pay and benefits, damages for pain, suffering, emotional stress, and anxiety, damages for reputational losses and loss of good will, and pre-judgment interest on all damages from Defendant. Plaintiff also seeks an award of liquidated damages for Defendant's intentional acts to the extent allowed by law, as well as an award for reasonable attorney's fees and costs of this proceeding, for prejudgment interest on all applicable awards, and for any other available legal and equitable remedies.

**FOR A FOURTH CAUSE OF ACTION**
**(Violation of the S.C. Payment of Wages Act)**

47.     Plaintiff realleges the foregoing paragraphs where not inconsistent herewith.

48.     Plaintiff was employed by Defendant for approximately 13 years until her separation from employment on February 25, 2022, and Plaintiff accrued PTO during this time.

49.     Plaintiff was promised by Defendant that she would receive payment for her accrued PTO including the more than 240 hours of PTO that she had accrued at the time of her separation from employment with Defendant.

ELECTRONICALLY FILED - 2022 Oct 11 11:50 AM - FLORENCE - COMMON PLEAS - CASE#2022CP2102111

50. S.C. Code Ann. 41-10-10 et seq. requires that discharged employees shall be paid all wages due to the employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days. These wages include vacation, holiday, and sick leave pay.

51. Defendant has failed to pay Plaintiff the wages she is due, including her accrued PTO.

52. As a direct and proximate result of the wage payment violation claim referred to herein, Plaintiff is entitled to judgment against Defendant for the full value of the accrued but unpaid PTO hours times three (treble damages), and she also is entitled to reasonable attorney's fees, costs and interest.

**FOR A FOURTH CAUSE OF ACTION**
**(Breach of Contract)**

53. Plaintiff realleges the foregoing where consistent.

54. Defendant promised Plaintiff that she would be able to use or be paid out her accrued, but unpaid, PTO hours, which constitutes a contract.

55. Defendant breached this contract by failing to pay Plaintiff or otherwise let her use the accrued, but unpaid, PTO time.

56. Defendant's breach of the contract resulted in damages to the Plaintiff including loss of pay for the accrued, but unpaid, PTO of approximately 240 hours.

**FOR A FIFTH CAUSE OF ACTION**
**(Promissory Estoppel)**

57. Plaintiff realleges the foregoing where consistent.

58. Defendant made an unambiguous promise to Plaintiff to allow her to use or be paid out her accrued PTO (approximately 240 hours).

7

ELECTRONICALLY FILED - 2022 Oct 11 11:50 AM - FLORENCE - COMMON PLEAS - CASE#2022CP2102111

59.     Plaintiff reasonably relied upon such a promise.

60.     Such a reliance by Plaintiff on Defendant's promise is reasonable and foreseeable by Defendant, who should expect an employee to rely on promises related to use and payment of PTO time.

61.     Defendant failed to honor that promise and did not allow Plaintiff to use or otherwise pay her for the accrued, but unused, PTO hours.

62.     Plaintiff suffered damages as a result of Defendant's conduct, for which Defendant is liable, including a loss of pay for the accrued, but unpaid, PTO of approximately 240 hours, attorney's fees and costs related to seeking enforcement of this promise, and prejudgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vandaline Hicks prays for judgment against Defendant for all damages as plead above in an amount to be determined by a jury, to the full extent allowed by law. Plaintiff is also entitled to an award of punitive damages and/or liquidated damages for the Defendant's willful, wanton, and malicious conduct. Plaintiff further prays for pre-judgment interest and attorneys' fees and costs associated with this action and any such other relief as the Court may deem just and proper.

                                                **CROMER BABB PORTER & HICKS, LLC**

                                                BY:     *s/Julius W. Babb, IV*
                                                        Julius W. Babb, IV (#77216)
                                                        1418 Laurel Street, Suite A
                                                        Post Office Box 11675
                                                        Columbia, South Carolina 29211
                                                        Phone 803-799-9530
                                                        Jay@CBPHLaw.com
                                              **Attorneys for Plaintiff**

October 11, 2022